UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| LE-LON CAMPBELL, | : Case No. 1:23-cv-763 |
| Plaintiff, | : |
| vs. | : Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| BUTLER COUNTY JAIL, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

Plaintiff Le-Lon Campbell recently submitted a *pro se* civil rights complaint to this Court and asked to proceed in the case *in forma pauperis.* (Doc. 1-1, 1). Upon review of these documents, the undersigned Magistrate Judge ordered Plaintiff to address a discrepancy between the Affidavit he submitted in support of his request to proceed *in forma pauperis* and the Certificate provided by the jail:

> At least one issue must be addressed before the case can proceed further, namely, that Plaintiff's Affidavit is contradicted by the Jail's Certificate. Plaintiff declares that he does not "have a work, program, status assignment or other circumstances which causes [him] to be paid by the prison, jail, or other custodial institution." (Doc. 1, PageID 3). He further declares that he has not "received any money" in the past twelve months from any source, including gifts or "Any other sources." (*Id.*).
>
> In contrast, the Certificate completed by the Jail indicates that Plaintiff currently has a balance, that his average monthly balance is $30.20, and that his "average monthly deposits" over the past six months were $56.89. (Doc. 1, PageID 6). It is not clear how Plaintiff could have received no money from any source within twelve months and also have average monthly deposits of $56.89 over the last six months. His Affidavit therefore appears to be contradicted by the Certificate. *See Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 3509656, at *1 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 4042170 (S.D. Ohio June 16, 2023), *and IFP denied on appeal,* No. 23-3559 (6th Cir. Oct. 25, 2023) (dismissal of case with prejudice was warranted where plaintiff said he received no money from any source over the last twelve months, but his inmate trust account

>statement showed deposits and plaintiff failed to adequately explain or correct the error).
>
>The Court will offer Plaintiff an opportunity to correct the apparent error here. He is **ORDERED** to show cause why his application to proceed *in forma pauperis* should not be denied or the case dismissed for making an "untrue" allegation of poverty under 28 U.S.C. § 1915(e)(2)(a). He may do so by providing a written explanation or by completing a second Affidavit that fully and truthfully reflects the amount of money he received from all sources in the last twelve months. *See Givens v. Shadyside Police Dep't*, No. 2:22-cv-4268, 2023 WL 3089066, at *5 (S.D. Ohio Apr. 26, 2023), *report and recommendation adopted*, 2023 WL 3868394 (S.D. Ohio June 7, 2023) ("A litigant need not be absolutely destitute to be granted leave to proceed *in forma pauperis*. But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate he should be granted *in forma pauperis* status.") (internal citations omitted). Plaintiff must submit his response to this Show Cause Order **within thirty days**. Alternatively, Plaintiff may pay $402 ($350 filing fee plus $52 administrative fee) and withdraw his application to proceed *in forma pauperis*. If he fails to respond to this order, the Undersigned will recommend that the case be dismissed for failure to prosecute.

(Show Cause Order, Doc. 3, PageID 16-17 (footnote omitted)). The Undersigned also identified a few other issues with Plaintiff's claims that might preclude relief and advised him that he could file an Amended Complaint. (*Id*., PageID 18-19). Finally, the Undersigned directed the Clerk of Court to send Plaintiff blank copies of the forms he might need to comply with the order. (*Id*., PageID 20).

Plaintiff's response to the Show Cause Order was due on December 28, 2023. To date, he has not filed a response. None of the Court's mail to Plaintiff has been returned, as of the date of this writing.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to comply with a court order warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Here, Plaintiff was specifically advised

2

that "he fail[ed] to respond to this order, the Undersigned will recommend that the case be dismissed for failure to prosecute." (Doc. 3, PageID 17). As he has failed to respond, the Undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice for failure to prosecute.

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to this Report and Recommendation as discussed next. He is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 12, 2024 */s/Peter B. Silvain, Jr.*
PETER B. SILVAIN, JR.
UNITED STATES MAGISTRATE JUDGE