UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LE-LON CAMPBELL, | : | Case No. 1:23-cv-763 |
| Plaintiff, | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| BUTLER COUNTY JAIL, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

This civil rights case is before the Undersigned Magistrate Judge after a review of the docket.  Plaintiff Le-Lon Campbell, a federal prisoner, instituted this matter in November 2023.  He submitted a *pro se* Complaint and asked to proceed in the case *in forma pauperis.*  (Doc. 1-1, 1).  On November 28, 2023, the Undersigned ordered Plaintiff to address a contradiction between the Affidavit he submitted in support of his request to proceed *in forma pauperis,* and the Certificate provided by the jail—specifically, that Plaintiff said he had received no money from any source within the past twelve months, but the Certificate showed deposits to his inmate account and a balance.  (First Show Cause Order, Doc. 3, PageID 16-17).

When Plaintiff did not timely respond to the First Show Cause Order, the Undersigned recommended that the case be dismissed for failure to prosecute.  (First Report and Recommendation, Doc. 5).  Shortly after the recommendation was made, mail to Plaintiff from the Court was returned as undeliverable.  (Doc. 6).  Plaintiff also contacted the Court and provided the address for his new custodial institution in Kentucky.  (Doc. 7, 8).  He explained that he had moved and had not been getting his mail, and he asked for additional time to address the issues raised in the Show Cause Order.  (*Id*.).

The Undersigned granted Plaintiff's motion for more time and withdrew the First Report and Recommendation on February 15, 2024, and Plaintiff thereafter filed a response to the First Show Cause Order. (Doc. 9, 10).

Upon review of the response, the Undersigned issued a Second Show Cause Order. (Doc. 11). The Order noted that although Plaintiff addressed the contradiction in part, he "does not say how much money he received from all sources within the past twelve months, which is the main question that the Application [to proceed *in forma pauperis*] and the [First] Show Cause Order asked." (*Id.*, PageID 55-56). To clarify any confusion and to resolve the issue, Plaintiff was:

> **ORDERED** to complete and submit another Affidavit in support of his Application to proceed *in forma pauperis*. He must complete and sign the Affidavit—<u>Pages 5, 6, and 7</u>—under penalty of perjury and return it to the Court. Plaintiff does <u>not</u> need to submit another Certificate or statement from the Cashier's office. To assist Plaintiff, the Clerk of Court is **DIRECTED** to send Plaintiff another copy of Pages 5, 6, and 7 of the Affidavit used by prisoners to apply for *in forma pauperis* status in this Court. Plaintiff must submit the completed, signed Affidavit **within thirty days** of this Second Show Cause Order. If he does not respond to this Order, the Undersigned will recommend that the case be dismissed for failure to prosecute.

(Doc. 11, PageID 56). The Second Show Cause Order was issued on March 27, 2024. To date, Plaintiff has not responded to the Second Show Cause Order. His response was due on April 26, 2024.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to comply with a court order warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Here, Plaintiff was warned that if he failed to respond to the Second Show Cause Order, the Undersigned would recommend that the case be dismissed. (Doc. 11, PageID 56). As he has failed to respond, the Undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice for failure to prosecute.

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 29, 2024                                              *s/Peter B. Silvain, Jr.*
                                                                    PETER B. SILVAIN, JR.
                                                                    UNITED STATES MAGISTRATE JUDGE