UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LE-LON CAMPBELL, | : | Case No. 1:23-cv-763 |
| Plaintiff, | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| BUTLER COUNTY JAIL, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff, a prisoner currently incarcerated at the Manchester Federal Correctional Institution, in Manchester, Kentucky, and proceeding without the assistance of counsel, has submitted a civil rights Complaint (Doc. 1-1) and an Amended Complaint (Doc. 1-3) to this Court alleging violations of his rights while he was incarcerated at the Butler County Jail, in Hamilton, Ohio.  He has also filed a motion for leave to proceed *in forma pauperis* and without the prepayment of fees.  (Doc. 1).  The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges.

On May 29, 2024, when Plaintiff failed to respond to the Court's Second Show Cause Order concerning his *in forma pauperis* application, the undersigned issued a Report and Recommendation to dismiss this case for want of prosecution.  (Doc. 12).  Thereafter, on June 13, 2024, Plaintiff filed a motion for a payment plan.  (Doc. 13).  On July 22, 2024, Plaintiff renewed his motion for a payment plan and filed a motion for appointment of counsel.  (Doc. 14).  Plaintiff's recent motion for a payment plan (Doc. 13) helps clarify that Plaintiff has insufficient funds in his

prison account to pay the full filing fee. Plaintiff also indicates that his prison has been on lockdown. (*See* Doc. 14).

Accordingly, for good cause shown, the undersigned hereby **VACATES** the May 29, 2024 Report and Recommendation (Doc. 12) to dismiss the case for want of prosecution. Further, after consideration by this Court of Plaintiff's assertions of indigence only, without regard to the merits of this case, Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is **GRANTED** to the extent that Plaintiff be allowed to prosecute this action without prepayment of fees or costs, pursuant to 28 U.S.C. § 1915(a). In light of this ruling, Plaintiff's motions for a payment plan (Doc. 13, 14) are **DENIED as moot**.

Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1914. Because he is permitted to proceed *in forma pauperis*, Plaintiff is not required to pay the Court's $55 administrative fee. *See* Judicial Conference Schedule of Fees, No. 14 (issued in accordance with 28 U.S.C. § 1914), available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. After payment of the initial partial filing fee, Plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(2).

The custodian of Plaintiff's inmate trust account at the institution of his residence is therefore **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of:

(a) the average monthly deposits to the inmate trust account; or

(b) the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

28 U.S.C. § 1915(b)(1). If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. 28 U.S.C. § 1915(b)(4). Even if the account balance is less than $10, the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10, until the full fee of $350 has been paid. 28 U.S.C. § 1915(b)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). If Plaintiff is transferred to another institution, the current custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment. Checks are to be made payable to "Clerk, U.S. District Court" and sent to:

**Prisoner Accounts Receivable**
**103 Potter Stewart United States Courthouse**
**100 East 5th Street**
**Cincinnati, Ohio 45202**

<u>The prisoner's name and this case number must be included on each remittance.</u>

The **Clerk of Court** is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

3

The next step in this case is an initial screening of Plaintiff's Amended Complaint (Doc. 1-3), which supersedes the original Complaint and is now the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014). The initial screening is required because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. § 1915(e)(2). The undersigned will conduct this initial screening as soon as practicable. The Court will then enter an appropriate order and, if appropriate, direct service of the Amended Complaint on Defendants. However, Plaintiff's motion for appointment of counsel (Doc. 14) is **DENIED**. Appointment of counsel is justified in civil cases only in exceptional circumstances, which are not present here. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

The **Clerk of Court** is **DIRECTED** to file a copy of the operative, Amended Complaint (Doc. 1-3) in the docket record of this case.

Plaintiff is reminded that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

February 18, 2025                          s/*Peter B. Silvain, Jr.*
                                                                               Peter B. Silvain, Jr.
                                                                               United States Magistrate Judge