UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LE-LON CAMPBELL, | : | Case No. 1:23-cv-763 |
| Plaintiff, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| BUTLER COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | |
| | : | |

**ORDER AND
REPORT AND RECOMMENDATION[1]**

Plaintiff, a prisoner currently housed at the Manchester Federal Correctional Institution, in Manchester, Kentucky, has filed a *pro se* civil rights action, alleging that his constitutional rights were violated when he was housed as a federal pretrial detainee at the Butler County Jail (Jail). The operative pleading in this case is Plaintiff's Amended Complaint (Doc. 17), which supersedes his initial Complaint (Doc. 1-1) for all purposes. *See Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 16).

Observing that it was unclear from Plaintiff's initial filings whether he had sufficient funds to prepay the filing fee in this matter, the Court entered two Show Cause Orders concerning his *in forma pauperis* application. (Docs. 3; 11). When Plaintiff failed to respond to the Second Show Cause Order, the undersigned issued a Report and Recommendation to dismiss the case for want of prosecution. (Doc. 12). Thereafter, Plaintiff filed motions clarifying that he lacked sufficient

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

funds to prepay the full filing fee. (Docs. 13; 14). For good cause shown, the undersigned vacated the Report and Recommendation to dismiss the case for want of prosecution and permitted Plaintiff to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915(b). (Doc. 16).

This matter is now before the Court for a *sua sponte* review of the Amended Complaint to determine whether the Amended Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Also before the Court is Plaintiff's Motion for Clarity and Next Steps. (Doc. 18).

**Screening of Complaint**

**A.     Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true

factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

3

at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     The Amended Complaint**

The Amended Complaint arises out of Plaintiff's allegations that pretrial detainees at the Jail are not allowed any outdoor recreation. (Doc. 17, PageID 77). Plaintiff names three Defendants—the Jail, Sheriff Richard K. Jones, and the "U.S. Marshals," by which the Court understands Plaintiff to mean the United States Marshals Service (USMS). Because the Defendants are both county and federal officials, the Court understands the Amended Complaint to arise under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the federal equivalent to § 1983. *See Hodge v. Abbott*, No. 1:08-cv-230, 2008 WL 4682786, at *1 (E.D. Tenn. Oct. 21, 2008).

In the Amended Complaint, Plaintiff alleges that he was deprived of outdoor recreation for over 50 months while housed at the Jail. (Doc. 17, PageID 74). According to Plaintiff, he was prohibited from going outside "for recreation or simply just to receive … natural sunlight and … vitamin d and fresh air." *Id*. Plaintiff asserts that the denial of outdoor recreation was especially harmful because during this same time period he was confined to his cell for 19 to 23 hours a day. *Id*. He alleges that as a result of being confined to his cell without outdoor recreation he suffered from depression, anxiety, fatigue, skin discoloration, hair loss, joint pain, and eye and teeth sensitivity. *Id*. at 77.

Plaintiff seeks monetary damages and injunctive relief in the form of policy changes at the Jail. *Id*. at 75.

4

### C. Analysis

Based on the above allegations, the Court understands Plaintiff to bring a Fourteenth Amendment[2] cruel-and-unusual punishment claim against Defendants regarding outdoor recreation at the Jail. At this stage in the proceedings, and without the benefit of briefing by the parties, the undersigned concludes that Plaintiff may proceed at this juncture for further development on the above claim against Defendant Sheriff Jones in his official capacity for damages. Liberally construed, *see Erickson*, 551 U.S. at 94, the Amended Complaint alleges a policy or practice at the Jail regarding outdoor recreation that purportedly posed a serious threat to Plaintiff's health and safety. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985) ("[T]here might be [a constitutional] violation in a case where an inmate is isolated and is deprived of 'nearly all fresh air and light.'") (quoting *Hoptowit v. Ray,* 682 F.2d 1237, 1254–55 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995)). The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claim or potential defenses thereto, nor is Defendant Jones precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020). However, for the reasons below, the remainder of the Amended Complaint should be dismissed.

---

[2]Because Plaintiff was a pretrial detainee at the time of the alleged events, his claim is governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See Culberson v. Franklin Cty. Correction*, No. 2:22-cv-3671, 2022 WL 17600955, at *7 (S.D. Ohio Dec. 13, 2022), *report and recommendation adopted sub nom. Culberson v. Franklin Cty. Corr. Ctr., II*, 2023 WL 3180755 (S.D. Ohio May 1, 2023).

### **Individual Capacity Claim against Sheriff Jones Should Be Dismissed**

First, although the undersigned has allowed Plaintiff to proceed for further development at this juncture on his Fourteenth Amendment cruel-and-unusual punishment claim against Sheriff Jones based on an allegedly unconstitutional policy or practice at the Jail concerning outdoor recreation, that claim is an official-capacity claim and is treated as a claim against Butler County, Ohio, the entity of which Sheriff Jones appears to be an agent.  *See Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 690 (1978).  A municipality qualifies as a "person" subject to liability under § 1983.  *Id.*

Plaintiff has failed to state a claim against Sheriff Jones in an individual capacity, however, because Plaintiff has failed to allege facts showing that Sheriff Jones was personally involved in the alleged denial of outdoor recreation to Plaintiff.  "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'"  *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  *See also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) ("A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some way directly participated in it.").

To the extent that Plaintiff alleges that Sheriff Jones knew or should have known about the denial of outdoor recreation to pretrial detainees at the Jail (Doc. 17, PageID 77), such allegations are insufficient to establish Sheriff Jones' personal involvement.  *See, e.g., Jae Jeong Lyu v. McDonnell*, No. 5:19-cv-00637, 2020 WL 7872962, at *4 (C.D. Cal. Nov. 25, 2020), *report and recommendation adopted sub nom. Lyu v. McDonnell,* 2021 WL 107199 (C.D. Cal. Jan. 12, 2021)

("Rather, following his attempts at amendment, plaintiff's [second amended complaint] continues to make sweeping and conclusory allegations such as that Sheriff McDonnell knew of plaintiff's 'need [for] special protection.' … Such allegations, when plaintiff fails to set forth any supporting factual allegations, are not entitled to a presumption of truth in deciding the sufficiency of plaintiff's claim."); *O'Keefe v. Clarke*, No. 14-cv-834, 2014 WL 5849209, at *2 (E.D. Wis. Nov. 12, 2014) ("The claim alleges merely that [the defendant sheriff] 'knew or had a duty to know' that Plaintiff's cell was infested with bugs, but such a conclusory assertion of personal involvement does not suffice.") (citing, *inter alia*, *Twombly*, 550 U.S. at 570); *Houghton v. Cardone*, 295 F. Supp. 2d 268, 276 (W.D.N.Y. 2003) (finding the plaintiff's conclusory allegations that the defendant sheriff "(1) failed to adequately train or supervise the officers; (2) knew about and tolerated the officers' allegedly unlawful behavior; and (3) 'failed to institute a proper system of review and reprimand' of his deputies so as to prevent the types of unlawful acts alleged here" were insufficient to establish the sheriff's personal involvement).

Because Plaintiff has not alleged facts from which the Court can plausibly infer that Sheriff Jones was personally involved in the allegedly unconstitutional denial of outdoor recreation to Plaintiff at the Jail, Plaintiff's cruel-and-unusual punishment claim against Sheriff Jones in an individual capacity is subject to dismissal.

### Claim against the Jail Should Be Dismissed

Next, Plaintiff has failed to state a claim for relief against the Jail. To state a claim under § 1983, Plaintiff must allege facts showing the deprivation of a "right secured by the United States Constitution or a federal statute by a *person* who was acting under color of state law." *Mincy v. Hamilton Cty. Justice Ctr.*, No. 1:20-cv-822, 2021 WL 6427516, at *1 (S.D. Ohio Oct. 4, 2021) (internal quotation omitted) (emphasis added). The Amended Complaint is subject to dismissal

7

against the Jail because the Jail is not a person or legal entity capable of being sued under § 1983. *See id*.

### Claim against the USMS Should Be Dismissed

It appears that Plaintiff named the USMS as a Defendant because it allegedly allowed him to be housed at a jail where outdoor recreation was prohibited. (*See* Doc. 17, PageID 77). Plaintiff, however, cannot state a *Bivens* claim against the USMS (a federal law enforcement agency) because "the United States Marshals Service is entitled to sovereign immunity from suit." *Gary v. Gardner*, 445 F. App'x 465, 466-67 (3rd Cir. 2011). *See also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("[S]overeign immunity shields the Federal Government and its agencies from suit."). Thus, the Court should dismiss the USMS from this action for failure to state a claim upon which relief can be granted.

### Claim for Injunctive Relief Should Be Dismissed

Additionally, Plaintiff's claim for injunctive relief should be dismissed because his transfer from the Jail to his current facility has rendered such a claim moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his rights]"). "Underlying th[is] rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *McMurry v. Brown*, No. 2:20-CV-58, 2020 WL 3118567, at *3 (W.D. Mich. June 12, 2020) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Because Plaintiff is no longer confined at the Jail, he cannot show a reasonable expectation that he is in immediate danger of sustaining direct future injury from alleged policies at the Jail. *Id.*; *see also Lowe v. Oppy*, No. 2:14-cv-535, 2015 WL

1439345, at *3 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, 2015 WL 1439325 (S.D. Ohio Mar. 27, 2015) ("Accordingly, the Court's entry of equitable relief on behalf of Plaintiff would have no effect on Defendants' actions towards him because Defendants perform their duties at an institution where Plaintiff is no longer incarcerated."). Because Plaintiff's claim for injunctive relief is moot, it should be dismissed without prejudice.

### Additional Allegations

Finally, the undersigned notes that the Amended Complaint contains allegations that Plaintiff raised concerns about the lack of outdoor recreation to several individuals who are not named as defendants, including, it appears, a grievance officer at the Jail, and counsel and the judge in his underlying criminal case. (Doc. 17, PageID 72, 74). While such allegations would likely fail to state a claim for relief under *Bivens* or Section 1983, *see, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding no liability for prison officials whose only roles "involve their denial of . . . administrative grievances and their failure to remedy the alleged [unconstitutional] behavior"); *Welch v. Dobias*, No. 2:17-cv-38, 2017 WL 1905869, at *2-3 (W.D. Mich. May 10, 2017) ("Federal courts have uniformly held that a criminal defense attorney is not acting under color of law in either state or federal court, whether appointed or retained."), or would be barred as a matter of law due to judicial immunity, *see Mireles v. Waco,* 502 U.S. 9 (1991) ("It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages."), the undersigned does not address them as they are not properly before the Court. *See Arnold v. Montgomery Cty. Jail*, No. 3:22-cv-34, 2022 WL 1046775, at *3 n.2 (S.D. Ohio Feb. 8, 2022), *report and recommendation adopted*, 2022 WL 1045604 (S.D. Ohio Apr. 7, 2022). Accordingly, any claims against non-defendants should be dismissed without prejudice.

### D. Conclusion

Plaintiff may proceed at this juncture with his Fourteenth Amendment cruel-and-unusual punishment claim regarding outdoor recreation at the Jail against Sheriff Jones in his official capacity for money damages. The remainder of the Amended Complaint should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

However, Plaintiff has failed to provide a U.S. Marshal or summons form for Sheriff Jones. Plaintiff is therefore **ORDERED** to submit, within **thirty (30) days** of the date of this Order, a completed summons and U.S. Marshal form for Defendant Sheriff Jones. Once the Court receives the requested summons and United States Marshal form, the Court will order service of process by the United States Marshal. **Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.**

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against Sheriff Jones in an individual capacity, the Jail, and the USMS be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

2. Plaintiff's claim for injunctive relief be **DISMISSED without prejudice** as moot, *see Whitfield v. Gustave*, No. 3:23-cv-023, 2023 WL 6141665, at *1 (S.D. Ohio Sept. 20, 2023);

3. Plaintiff's claims against individuals who are not named as Defendants be **DISMISSED without prejudice**, *see Redman v. Jefferson Cty. Jail*, No. 2:23-cv-168, 2023 WL 8436081, at *5 (S.D. Ohio Oct. 19, 2023), *report and recommendation adopted*, 2023 WL 8018515 (S.D. Ohio Nov. 20, 2023); and

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff, **within thirty (30) days** of the date of this Order and Report and Recommendation, submit to the Court a completed summons and U.S. Marshal form for Defendant Sheriff Richard K. Jones. Once the Court receives the requested summons and U.S. Marshal form, the Court will order service of process by the United States Marshal. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff a blank summons and U.S. Marshal form for this purpose.

2. Plaintiff shall serve upon Defendant or, if an appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendant or Defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff is **REMINDED** to keep the Court apprised of any changes to his address during the pendency of this lawsuit.

4. In light of the instant Order and Report and Recommendation, Plaintiff's Motion for Clarity and Next Steps (Doc. 18) is **DENIED** as moot.

September 9, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).