UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| LE-LON CAMPBELL, | Case No. 1:23-cv-763 |
| Plaintiff, | District Judge Michael R. Barrett |
| vs. | Magistrate Judge Peter B. Silvain, Jr. |
| BUTLER COUNTY JAIL, *et al.*, | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Second "Amended Complaint." (Doc. 20). Because Plaintiff has already filed an Amended Complaint (Doc. 17), leave of Court is required before he can amend the complaint again. *See* Fed. R. Civ. P. 15(a). The Court therefore construes the Second Amended Complaint (Doc. 20) as a motion to amend. For the reasons below, the undersigned **RECOMMENDS** that the Court **DENY** the motion.

### Background

Plaintiff, a prisoner currently housed at the Manchester Federal Correctional Institution, in Manchester, Kentucky, brought this civil action for monetary damages and injunctive relief under 42 U.S.C. § 1983 against three Defendants—the Jail, Butler County Sheriff Richard K. Jones, and the United States Marshals Service (USMS). In his Amended Complaint, Plaintiff alleged that his Fourteenth Amendment rights were violated when he was housed as a federal pretrial detainee at the Butler County Jail (Jail) and denied outdoor recreation for over fifty months. (Doc. 17, PageID 74).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

On September 9, 2025, the undersigned screened the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), and permitted Plaintiff to proceed for further development on his Fourteenth Amendment cruel-and-unusual punishment claim regarding outdoor recreation at the Jail against Sheriff Jones in his official capacity for money damages, but recommended that the remainder of the Amended Complaint be dismissed. (Doc. 19). On October 1, 2025, the District Judge adopted the September 9, 2025 Order and Report and Recommendation in its entirety. (Doc. 21).

In the instant motion to amend, Plaintiff seeks to dismiss Sheriff Jones and to substitute instead Butler County as the defendant. (Doc. 20, PageID 97). He also indicates his intention to dismiss the USMS as a Defendant. *Id*. The remainder of his motion reiterates his prior allegations and adds argument supporting his claim. *Id.* at PageID 98-99.

**Analysis**

Generally, leave to amend a complaint should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave should be denied, however, where an amendment would be futile. *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Here, Plaintiff's proposed amendments would be futile because they are unnecessary, improper, and will cause undue delay. Accordingly, they should be denied.

First, because the District Judge has already dismissed the USMS as a Defendant, Plaintiff's motion is moot to the extent he seeks to dismiss the USMS.

Second, to the extent he seeks to add additional argument in support of his cruel-and-unusual punishment claim, his motion is improper. *See Hall v. Bush*, No. 1:20-cv-731, 2020 WL 13982500, at *3 (W.D. Mich. Dec. 30, 2020) ("A complaint should therefore allege facts satisfying the elements of the claim at issue but should not contain legal arguments, cite case law or other

2

legal authority, or contain extraneous matter.") (collecting cases). Plaintiff may assert argument in support of his claims should Defendant file a motion in response to the Amended Complaint. *See* Fed. R. Civ. P. 12 & 56.

Third, Plaintiff's request to substitute Butler County for Sheriff Jones in his official capacity should be denied without prejudice to renew after service of process is issued. As indicated in the September 9, 2025 Order and Report and Recommendation, Plaintiff's claim against Sheriff Jones in his official capacity is treated as a claim against Butler County. (Doc. 19, PageID 90). Although such a substitution is permissible, *see, e.g., Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997), it would delay proceedings in this case. The undersigned has already ordered Plaintiff to provide a completed summons and United States Marshal form for Sheriff Jones, and the Clerk of Court has sent Plaintiff blank forms for this purpose. (Doc. 19, PageID 95). Once service of process is made, either Plaintiff or Sheriff Jones may file a motion requesting to substitute Butler County as the Defendant in this case.

**Plaintiff is reminded that if he fails to provide the service documents as previously directed by the Court (*see* Doc. 19, PageID 95), his case may be dismissed for want of prosecution. Should Plaintiff need additional time to comply with the Court's Order, he must file a motion for extension of time.**

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion to amend (Doc. 20) be **DENIED**.

October 16, 2025   *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

3

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).