# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LE-LON CAMPBELL, | : | Case No. 1:23-cv-763 |
| Plaintiff, | : | |
| | : | District Judge Michael R. Barrett |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| BUTLER COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | |

## ORDER *and*
## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's letter filed on December 1, 2025. (Doc. 28). The Court understands the letter to be, in effect, a motion for reconsideration of the Undersigned's recommendation (Doc. 22), currently pending before the District Judge, to deny Plaintiff's motion to amend his Amended Complaint (Doc. 17). In the motion to amend, Plaintiff seeks to dismiss Defendant Sheriff Richard K. Jones and to substitute instead Butler County as the Defendant. (Doc. 20, *PageID* 97). Plaintiff also indicates his intention to dismiss the United States Marshal Service (USMS) as a Defendant. *Id*. The remainder of Plaintiff's motion reiterates his prior allegations and adds argument supporting his claim. (*Id.* at 98-99).

As explained in the pending Report and Recommendation (Doc. 22), leave to amend a complaint should be denied where an amendment would be futile. *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Plaintiff's proposed amendments would be futile and should be denied because they are unnecessary, improper, and will cause undue delay.

First, because the District Judge has already dismissed the USMS as a Defendant (Doc.

21, *PageID* 101), Plaintiff's motion to amend is moot to the extent he seeks to dismiss the USMS.

Second, to the extent Plaintiff seeks to add additional argument in support of his cruel-and-unusual punishment claim that is proceeding at this juncture, his motion is improper. *See Hall v. Bush*, No. 1:20-cv-731, 2020 WL 13982500, at *3 (W.D. Mich. Dec. 30, 2020) ("A complaint should therefore allege facts satisfying the elements of the claim at issue but should not contain legal arguments, cite case law or other legal authority, or contain extraneous matter.") (collecting cases). Plaintiff may assert argument in support of his claims should Defendant file a motion in response to the Amended Complaint. *See* Fed. R. Civ. P. 12 & 56.

Third, the sole defendant Plaintiff has been permitted to proceed against in this case is Sheriff Jones in his *official capacity*. (Doc. 19, *PageID* 94; Doc. 21, *PageID* 101). A claim against Sheriff Jones in his official capacity is treated as a claim against Butler County. (Doc. 19, *PageID* 90; Doc. 22, *PageID* 105; Doc. 25, *PageID* 111). As such, although the Court has recommended, in the interest of judicial expediency, to deny without prejudice Plaintiff's request to substitute Butler County for Sheriff Jones in his official capacity at this time (*see* Doc. 22, *PageID* 105), Plaintiff's claim is effectively proceeding against Butler County, even without renaming the defendant. Once service of process is made, either Plaintiff or Sheriff Jones may file a motion requesting to substitute Butler County as the Defendant in this case. *Id*.

Given Plaintiff's *pro se* status, the Court will allow him one final opportunity to submit to the Court a completed summons form and a completed U.S. Marshal form for Defendant Sheriff Richard K. Jones. If Plaintiff does not submit to the Court a completed summons form and a completed U.S. Marshal form for Sheriff Jones within **THIRTY (30) Days** of the date of this Order, the Court will recommend that Plaintiff's case be dismissed for want of prosecution. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff a blank summons form and a

blank U.S. Marshal form for this purpose.

## IT IS THEREFORE RECOMMENDED THAT:

1. The District Judge **ADOPT** the Undersigned's Report and Recommendation (Doc. 22) to **DENY** Plaintiff's motion to amend (Doc. 20) in its entirety; and

2. The District Judge **DENY** Plaintiff's motion to reconsider (Doc. 28).

## IT IS THEREFORE ORDERED THAT:

Plaintiff, **within thirty (30) days** of the date of this Order and Report and Recommendation, submit to the Court a completed summons and U.S. Marshal form for Defendant Sheriff Richard K. Jones. Once the Court receives the requested completed summons and U.S. Marshal form, the Court will order service of process by the United States Marshal. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff a blank summons and U.S. Marshal form for this purpose.

December 9, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).